Argued and submitted January 20, reversed April 26, 1982

LEAL et vir,
*Petitioners,*
*v.*
ADULT AND FAMILY SERVICES
DIVISION,
*Respondents.*

(No. M2-2301, KMF979-9, CA A21720)

643 P2d 1372

D. Michael Dale, Oregon Legal Services Corporation, Ontario, argued the cause for petitioners. With him on the brief was Mary L. Lewis, Oregon Legal Services Corporation, Ontario.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

ROBERTS, J. Pro Tempore.*

---

* Appointed to Supreme Court February 2, 1982.

**ROBERTS, J.** Pro Tempore.

Petitioners, husband and wife, seek to overturn respondent's termination of the husband's food stamp benefits because of his status as a full-time student not supplying half the support for the couple's minor children. We reverse.

The history of the proceeding is significant. Sometime prior to January 1, 1981, petitioners applied for and received food stamps through the Ontario branch office of Adult and Family Services Division. At that time, Mr. Leal was a full-time student at Treasure Valley Community College. Mrs. Leal worked 20 to 35 hours per week as a grocery clerk to support the family. OAR 461-62-065, as it then read, provided that a person meeting the age and enrollment definitions for student status was eligible for food stamps if the student:

"2c. be the head of a household (or spouse of such head of household) which contains one or more other persons who are dependents of that individual because he/she supplies half of their support."

The applicable federal regulation, 7 CFR 273.5, was nearly identical. It made a half-time student between the ages of 18 and 60 eligible for food stamps if the student:

"(iii) be the head of a household (or spouse of such head) containing one or more other persons who are dependents of that individual because he or she supplies more than half of their support as discussed in (4) below; * * *."

Petitioners and respondent agree that the state rule must conform to the federal regulation. ORS 411.816 so requires. The dispute in this case centers on petitioners' allegation that the Oregon food stamp rule, under which Mr. Leal's benefits were terminated, was unenforceable because it was in conflict with the federal regulation. The conflict, according to petitioners, arose on January 1, 1981, when respondent amended OAR 461-62-065, apparently as part of a general revision of the food stamp manual, to include a new example as an aid in interpretation.[1] That example stated:

---

[1] There is no indication that the addition of this example was viewed by respondent as a change in the rule, because apparently no rulemaking procedures were followed.

"(e.g. Husband going to college full time with no income, wife works and supports husband and kids. Husband is ineligible for food stamp benefits based on the exemption since he is the student not supplying half of his dependents support.)"

On February 1, 1981, as a result of the new ineligibility example, the food stamp allocation for Mr. Leal was terminated. Petitioners requested a hearing, which was held May 8, 1981. A final order was issued by respondent May 29, 1981, affirming the branch office's decision to terminate. Petitioners' argument that the new rule incorporating the example was in conflict with the federal rule was not reached by the hearing officer, who claimed it was an issue outside his authority. Mr. Leal's benefits were terminated, the officer stated, because the new example "fits the situation in this case squarely." Before us, petitioners reassert their argument that the conflict between the federal and state rules existing at the time of the agency's action renders the state's rule invalid. The remedy sought is an order restoring Mr. Leal's food stamp benefits.

To identify any inconsistency between the two rules, it is helpful, in this case, to examine changes in the rules that occurred *after* termination of petitioner's benefits. The petition for review in this case was filed July 27, 1981. On August 25, 1981, the Department of Agriculture amended 7 CFR 273.5. Comments accompanying the published amendments in the Federal Register of that date state that the new amendments were necessary to correct the confusion among administering agencies caused by the 1980 Food Stamp Act amendments.[2] The language from the Federal Register is worth quoting at length:

"* * * The language used in this amendment and in the regulations caused some confusion among several administering agencies because 1) the term 'head of household' is used in a different sense than food stamp head of household and 2) it is subject to two interpretations concerning the eligibility of a student spouse.

"The first interpretation is based on a strict technical reading of the amendment and regulations, emphasizing the use of the parenthesis in the text. The interpretation

---

[2] The 1980 amendments are characterized before us as having been designed to "crack down" on student abuse of food stamps.

suggests that to be an eligible student, a spouse must be the spouse of a student head of household. In other words, in order for a student spouse to be eligible, a determination must first be made as to whether the head of the household is an eligible student by virtue of providing more than half the support of a dependent. Then, if the student head of household is eligible, the student spouse of such head is also eligible. This interpretation appears inequitable since it would allow an exclusion for student spouses only if they are married to students who support other household members and not for student spouses who are married to nonstudent heads of household.

"The second interpretation is that, in order to be eligible, a student may be the head of a household providing more than half the support of dependents, or the spouse of the head of a household, whether or not the household head is also a student. *In other words, a student may qualify for food stamps by virtue of being the spouse of the household head. This interpretation would eliminate the inequity of the first interpretation. Furthermore, the Department has determined that the second interpretation follows the intent of the legislation.* There is no indication in legislative history that Congress felt that two students married to each other are more deserving of food stamp benefits than a married couple that includes only one student. The Department has decided to revise the regulations to more clearly state the intent outlined in the second interpretation."[3] (Emphasis supplied.)

The 1981 federal amendments are, no doubt by design, an attempt to clarify. As published in the Federal Register, they provide:

"§ 273.5 Students.

"(a) Applicability. Any person who is (1) between the ages of 18 and 60; (2) physically and mentally fit; and (3) enrolled at least half time in an institution of higher education shall be ineligible to participate in the Food Stamp Program unless that person complies with the eligibility requirements of paragraph (b) of this section. * * *"

Paragraph (b), the eligibility requirements, provides that any student defined in paragraph (a) must, in order to be eligible for food stamps, meet one of four criteria. One criterion, at (b)(iii), is that the student

---

[3] Respondent's rule, we note, adds a third interpretation.

"[p]rovide more than half the support of one or more dependent household members (as discussed in paragraph (b)(4) of this section) or be the spouse of a person who provides more than half the support of one or more dependent household members; * * *."

The federal regulations became effective October 1, 1981.

Respondent states, in its brief:

"One effect of this change [the federal amendments] was to invalidate OAR 461.62-065(2)(c) as of October 1, 1981, and the agency has since amended the rule to conform with the amended federal regulation."

Technically, because the agency has amended its rule this case may be moot. However, there is no point in requiring petitioner to apply for food stamps under a new rule every bit as invalid as the old rule challenged here and for the same reason. The agency's amended rule, which it claims conforms to the new federal regulation, amounts to a minor change in language only, and not in substance. The January, 1982, version of OAR 461-62-065 states:

"Students

"461-62-065 (1) Student Definition: Any person who is between the ages of 18 and 60, physically and mentally fit, and enrolled at least half-time in institutions of higher education is ineligible to participate in the Food Stamp Program unless section (2) of this rule applies:

"(2) If a person meets the student definition, the only way he/she can be eligible for food stamps is to meet at least one of the following criteria:
"* * * * *
"(c) Be the head of the household (or spouse of such head of household whoever is the student) which contains one or more other persons who are dependents of that individual because he/she supplies half of their support (e.g., husband going to college full-time with no income, wife works and supports husband and kids. Husband is ineligible for food stamp benefits based on the exemption since he is the student and not supplying half of his dependents' support. The wife and kids may receive food stamp benefits if eligible. Husband would be a non-household member.) * * *"[4]

---

[4] Petitioners' brief, filed January 20, 1982, includes an identical version of OAR 461-62-065 which it claims was distributed to respondent's field offices effective July 1, 1981. The rule was not formally promulgated until October 1, 1981.

The new rule continues to retain the example denying eligibility to a student spouse who provides no support for his family. It is clear from the comments to the current federal regulations that the example included as subsection (2)(c) of respondent's new rule conflicts with the present federal rule as revised and that respondent's old rule, containing the same example, was an improper interpretation of 7 CFR 273.5, as it existed before August 25, 1981. Accordingly, the rule as applied to petitioner in February, 1981, was unenforceable. That portion of the present OAR 461-62-065(2)(c) that purports to deny stamp benefits to this and other otherwise eligible students whose spouses provide more than half the support of one or more dependent household members is also invalid.

Reversed.